UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| BANK OF SPRINGFIELD, | ) |
| **Serve at:**<br>Tom Marantz<br>Chairman of the Board and Chief Executive Officer<br>2600 Stevenson Drive<br>Springfield, Illinois | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff NextGear Capital, Inc. ("NextGear"), by and through its undersigned attorneys, and for its Complaint against Defendant Bank of Springfield ("BOS"), states as follows:

## PARTIES

1. NextGear is a Delaware corporation with its principal place of business at 1320 City Center Drive, Suite 100, Carmel, Indiana 46032.

2. BOS is an Illinois state chartered bank doing business in St. Louis County, Missouri.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because NextGear and BOS are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, in that, the events giving rise to NextGear's claims occurred in St. Louis County, and BOS conducts business in St. Louis County.

## FACTUAL BACKGROUND

5. Gateway Buick GMC, Inc. is a Gateway Buick GMC, Inc. d/b/a Gateway Buick GMC ("Gateway") is a Missouri corporation which operated an automotive dealership at 820 James S. McDonnell Blvd., Hazelwood, Missouri 63042 ("Dealership").

6. Gateway is a General Motors licensed franchisee/dealer and until May, 2018 was engaged in the operation of an automobile retail store selling new Buick and GMC vehicles as well as used vehicles. Gateway also provided maintenance services to vehicles and related services.

7. BOS provided financing to Gateway pursuant to the following promissory notes (collectively "BOS Notes"):

> a) Promissory note dated August 11, 2015 in the original principal amount of $10,000,000.00, a copy of which is attached hereto as Exhibit A and incorporated herein as if more fully set forth;
>
> b) Promissory note dated September 29, 2015 evidencing a revolving line of credit with a credit limit of $3,125,000.00, a copy of which is attached hereto as Exhibit B and incorporated herein as if more fully set forth;
>
> c) Promissory note dated January 12, 2016 evidencing a revolving line of credit with a credit limit of $500,000.00, a copy of which is attached hereto as Exhibit C and incorporated herein as if more fully set forth;

8. The BOS Notes are secured by a deed of trust on the Dealership and a Commercial Security Agreement and UCC filing. A copy of the Commercial Security Agreement and UCC financing statement are attached hereto as Exhibit D and incorporated herein as if more fully set forth

9. NextGear provided floor plan financing to Gateway pursuant to a Demand Promissory Note and Loan and Security Agreement dated October 27, 2014 (as amended and/or from time to time, and as most recently modified by the Forbearance Agreement (as defined below), the "Note") whereby Gateway granted Plaintiff a security interest in all of its assets and properties wherever located, including, without limitation, all equipment of any kind or nature; all vehicles, vehicle parts and inventory then owned or thereafter acquired; purchase money inventory, the purchase of which was financed or floorplanned by Plaintiff for Dealer, of whatever kind or nature, and all returns, repossessions, exchanges, substitutions, attachments, additions, accessions, accessories, replacements, and proceeds thereof; all accounts receivable, chattel paper, and general intangibles then owned or thereafter acquired by Dealer, together with the proceeds thereof; and all of Dealer's documents, books and records relating to the foregoing (the "Collateral").  A copy of which is attached hereto as Exhibit E and incorporated herein as if more fully set forth

10. NextGear held a senior lien position in the accounts receivable of Gateway including all funds Gateway received from General Motors.

11. On or about October 1, 2015, Gateway, NextGear and BOS entered into a Subordination Agreement.  A copy of which is attached hereto as Exhibit F and incorporated herein as if more fully set forth.

12. Pursuant to the terms of the Subordination Agreement NextGear agreed to subordinate "all of Debtor's open accounts with General Motors that are now or may in the future be owed to Debtor to General Motors ("GM Open Accounts Receivable"), except to extent, if any, that such GM Open Accounts Receivable constitute proceeds of specific vehicles floor planned for Debtor by Creditor and for which Creditor remains unpaid in whole or in part".

3

13. Pursuant to the Subordination Agreement, Gateway was defined as the "Debtor", NextGear was defined as the "Creditor" and BOS was defined as the "Bank".

14. Pursuant to the Subordination Agreement, NextGear subordinated its senior lien position in payments from General Motors that were not proceeds from vehicles specifically floor planned by NextGear.

15. Among the payments received by Gateway from General Motors were vehicle rebates and holdbacks that constitute proceeds from vehicles directly floor planned by NextGear ("NextGear Vehicle Funds").

16. NextGear agreed to subordinate various dealer incentive payments which Gateway might receive from General Motors.

## COUNT I – BREACH OF CONTRACT

17. Plaintiff restates and realleges paragraphs 1 through 16 herein as if more fully set forth.

18. As part of the pay down of the BOS Notes, BOS would setoff funds from Gateway's deposit account at BOS.

19. General Motors would deposit rebate, holdback and incentive payments into the BOS account. BOS was aware that rebate and holdback payments, constituting NextGear Vehicle Funds, were being deposited into the Gateway's account at BOS.

20. BOS breached the terms of the Subordination Agreement by routinely setting off money in Gateway's accounts that included NextGear Vehicle Funds.

21. The act of setoff by BOS constituted a breach of the Subordination Agreement.

22. NextGear has performed all of its obligations under the terms of the Subordination Agreement.

23. As a direct and proximate cause of BOS's breach of the Subordination Agreement, NextGear has been damaged in an amount in excess of Four Million Dollars ($4,000,000.00).

WHEREFORE, Plaintiff NextGear prays this Court enter judgment in favor of NextGear and against Bank of Springfield in an amount in excess of $4,000,000.00, equaling the total of NextGear Vehicle Funds improperly setoff by Bank of Springfield, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C.

By:  */s/ Spencer P. Desai*
     Spencer P Desai, #39877MO
     Kyle P. Lane, #66028MO
     120 South Central Avenue, Suite 1800
     St. Louis, Missouri 63105
     314-854-8600 Telephone
     314-854-8660 Facsimile
     spd@carmodymacdonald.com
     kpl@carmodymacdonald.com

Attorneys for Plaintiff NextGear Capital, Inc.