UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-cv-01086-NCC |
| ) | |
| BANK OF SPRINGFIELD, ) | |
| ) | |
| Defendant. ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff NextGear Capital, Inc. ("NextGear"), by and through its undersigned attorneys, and for its First Amended Complaint against Defendant Bank of Springfield ("BOS"), states as follows:

**PARTIES**

1. NextGear is a Delaware corporation with its principal place of business at 1320 City Center Drive, Suite 100, Carmel, Indiana 46032.

2. BOS is an Illinois state-chartered bank doing business in St. Louis County, Missouri.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because NextGear and BOS are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, in that, the events giving rise to NextGear's claims occurred in St. Louis County, and BOS conducts business in St. Louis County.

**FACTUAL BACKGROUND**

5. Gateway Buick GMC, Inc., d/b/a Gateway Buick GMC ("Gateway") is a Delaware corporation which operated an automotive dealership at 820 James S. McDonnell Blvd., Hazelwood, Missouri 63042 ("Dealership").

6. Gateway is a General Motors licensed franchisee/dealer and until May 2018 was engaged in the operation of an automobile retail store selling new Buick and GMC vehicles as well as used vehicles. Gateway also provided maintenance services to vehicles and related services.

7. BOS provided financing to Gateway pursuant to the following promissory notes (collectively "BOS Notes"):

> a) Promissory note dated August 11, 2015 in the original principal amount of $10,000,000.00, a copy of which, along with the latest Change in Terms Agreement, is attached hereto as Exhibit A and incorporated herein as if more fully set forth;
>
> b) Promissory note dated September 29, 2015 evidencing a revolving line of credit with a credit limit of $3,125,000.00, a copy of which, along with the latest Change in Terms Agreement, is attached hereto as Exhibit B and incorporated herein as if more fully set forth;
>
> c) Promissory note dated January 12, 2016 evidencing a revolving line of credit with a credit limit of $500,000.00, a copy of which, along with the latest Change in Terms Agreement, is attached hereto as Exhibit C and incorporated herein as if more fully set forth;

8. The BOS Notes are secured by a deed of trust on the Dealership and a Commercial Security Agreement and UCC filing. A copy of the Deed of Trust, Commercial Security Agreement and UCC financing statement are attached hereto as Exhibits D, E & F respectively and incorporated herein as if more fully set forth

9. NextGear provided floor plan financing to Gateway pursuant to a Demand Promissory Note and Loan and Security Agreement dated October 27, 2014 (as amended and/or

from time to time, and as most recently modified by the Forbearance Agreement (as defined below), the "Note") whereby Gateway granted Plaintiff a security interest in all of its assets and properties wherever located, including, without limitation, all equipment of any kind or nature; all vehicles, vehicle parts and inventory then owned or thereafter acquired; purchase money inventory, the purchase of which was financed or floor planned by Plaintiff for Dealer, of whatever kind or nature, and all returns, repossessions, exchanges, substitutions, attachments, additions, accessions, accessories, replacements, and proceeds thereof; all accounts receivable, chattel paper, and general intangibles then owned or thereafter acquired by Dealer, together with the proceeds thereof; and all of Dealer's documents, books and records relating to the foregoing (the "Collateral"). A copy of which is attached hereto as <u>Exhibit G</u> and incorporated herein as if more fully set forth

10. NextGear held a senior lien position in the accounts receivable of Gateway including all funds Gateway received from General Motors.

11. On or about October 1, 2015, Gateway, NextGear and BOS entered into a Subordination Agreement. A copy of which is attached hereto as <u>Exhibit H</u> and incorporated herein as if more fully set forth.

12. Pursuant to the terms of the Subordination Agreement NextGear agreed to subordinate "all of Debtor's open accounts with General Motors that are now or may in the future be owed to Debtor to General Motors ("GM Open Accounts Receivable"), except to extent, if any, that such GM Open Accounts Receivable constitute proceeds of specific vehicles floor planned for Debtor by Creditor and for which Creditor remains unpaid in whole or in part".

13. Pursuant to the Subordination Agreement, Gateway was defined as the "Debtor", NextGear was defined as the "Creditor" and BOS was defined as the "Bank".

14. Pursuant to the Subordination Agreement, NextGear subordinated its senior lien position in payments from General Motors that were not proceeds from vehicles specifically floor planned by NextGear.

15. Among the payments received by Gateway from General Motors were vehicle rebates and holdbacks that constitute proceeds from vehicles directly floor planned by NextGear ("NextGear Vehicle Funds").

16. NextGear agreed to subordinate various dealer incentive payments which Gateway might receive from General Motors.

### COUNT I – BREACH OF CONTRACT

17. Plaintiff restates and realleges paragraphs 1 through 16 herein as if more fully set forth.

18. As part of the pay down of the BOS Notes, BOS would setoff funds from Gateway's deposit account at BOS.

19. General Motors would deposit rebate, holdback and incentive payments into the BOS account. BOS was aware that rebate and holdback payments, constituting NextGear Vehicle Funds, were being deposited into the Gateway's account at BOS.

20. BOS breached the terms of the Subordination Agreement by routinely setting off money in Gateway's accounts that included NextGear Vehicle Funds.

21. The act of setoff by BOS constituted a breach of the Subordination Agreement.

22. NextGear has performed all of its obligations under the terms of the Subordination Agreement.

23. As a direct and proximate cause of BOS's breach of the Subordination Agreement, NextGear has been damaged in an amount in excess of Four Million Dollars ($4,000,000.00).

WHEREFORE, Plaintiff NextGear prays this Court enter judgment in favor of NextGear and against Bank of Springfield in an amount in excess of $4,000,000.00, equaling the total of NextGear Vehicle Funds improperly setoff by Bank of Springfield; prejudgment interest at the maximum amount allowed by statute; post-judgment interest; and for such other and further relief as the Court deems just and proper.

### COUNT II – CONVERSION

24. NextGear restates and realleges each and every fact set forth in the preceding paragraphs as though each were fully set forth herein at length.

25. By setting off and taking possession of the NextGear Vehicle Funds, BOS prevent NextGear from collecting rebates and holdbacks that proceeds from sale of vehicles due to NextGear under the Note.

26. The NextGear Vehicle Funds are personal property.

27. BOS, therefore, has and continues to misappropriate and exercise dominion and control over the NextGear Vehicle Funds, which are rebates and holdbacks from the sale of vehicles due to NextGear pursuant to the terms of the Subordination Agreement.

28. BOS's setoff and possession of the NextGear Vehicle Funds was unauthorized.

24. The NextGear Vehicle Funds converted by BOS have a value in excess of Four Million Dollars ($4,000,000.00).

25. As a direct and proximate cause of BOS's conversion, NextGear has been damaged in an amount in excess of Four Million Dollars ($4,000,000.00).

29. The conduct of BOS in converting the NextGear Vehicle Funds, knowing said funds were the property of NextGear, was calculated, willful, wanton, and outrageous because of

5

its evil motive and/or reckless indifference to NextGear's rights so as to warrant and require an award of punitive damages in favor of NextGear and against BOS.

WHEREFORE, Plaintiff NextGear prays this Court enter judgment in favor of NextGear and against Bank of Springfield in an amount in excess of $4,000,000.00, equaling the total of NextGear Vehicle Funds improperly setoff by Bank of Springfield; punitive damages against BOS sufficient to punish BOS for its outrageous conduct and others like it from engaging in such conduct in the future; prejudgment interest at the maximum amount allowed by statute; post-judgment interest; NextGear's costs incurred herein; and for such other and further relief as the Court deems just and proper

## COUNT III – UNJUST ENRICHMENT

30. NextGear restates and realleges each and every fact set forth in the preceding paragraphs as though each were fully set forth herein at length.

31. BOS has benefitted and is currently benefitting from the setoff and retention of the NextGear Vehicle Funds in Gateway's account.

32. The NextGear Vehicle Funds are rebate and holdback payments received from GMC for the sale of vehicles.

33. The NextGear Vehicle Funds are the property of NextGear under the Note.

34. BOS has no right or interest to the NextGear Vehicle Funds under the Subordination Agreement, but BOS is currently enjoying the benefit of said funds through its retention and setoff of all funds in Gateway's account.

35. BOS is aware of and appreciate the benefit conferred upon it.

36. NextGear has advised BOS that it is improperly retaining and possessing the NextGear Vehicle Funds in violation of the Note and Subordination Agreement and has demanded BOS turnover the NextGear Vehicle Funds.

37. Despite NextGear's demand, BOS has failed and refused to turnover or return the NextGear Vehicle Funds.

38. It would be unjust and inequitable to permit BOS to retain the benefit of the NextGear Vehicle Funds, to which BOS has no ownership, right, or interest, for its sole benefit and to the detriment of NextGear.

39. The NextGear Vehicle Funds setoff and/or possessed by BOS have a value in excess of Four Million Dollars ($4,000,000.00).

40. As a direct and proximate cause of BOS's setoff and/or possession of the NextGear Vehicle Funds, NextGear has been damaged in an amount in excess of Four Million Dollars ($4,000,000.00).

WHEREFORE, Plaintiff NextGear prays this Court enter judgment in favor of NextGear and against Bank of Springfield in an amount in excess of $4,000,000.00, equaling the total of NextGear Vehicle Funds improperly setoff by Bank of Springfield; prejudgment interest at the maximum amount allowed by statute; post-judgment interest; NextGear's costs incurred herein, and for such other and further relief as the Court deems just and proper.

## COUNT IV – FRAUDULENT INDUCEMENT

41. NextGear restates and realleges each and every fact set forth in the preceding paragraphs as though each were fully set forth herein at length.

42. To induce NextGear to enter into the Subordination Agreement, BOS represented to NextGear that BOS would not assert any interest in Gateway's accounts receivable from GM

7

that were proceeds of specific vehicles floor planned for Gateway by NextGear (i.e. the NextGear Vehicle Funds).

43. The foregoing representation was a statement of fact and was false.

44. The foregoing representation was material, in that NextGear would not have agreed to the Subordination Agreement if BOS had not represented that the NextGear Vehicle Funds would not be subordinated.

45. BOS knew that the representation was false at the time was made and know to be false when made.

46. The representation from BOS to NextGear was made without present intent to perform because BOS intended to assert exclusive ownership and control over all of Gateway's accounts receivables, including the NextGear Vehicle Funds, in the event of a default.

47. NextGear did not know and had no reason to know the representation made by BOS were false.

48. BOS knew that NextGear would rely upon its fraudulent representation and intended NextGear to do so.

49. NextGear reasonably relied upon the trust of BOS's representation that the NextGear Vehicle Funds were exempt when it signed the Subordination Agreement.

50. As a direct and proximate cause of BOS's fraud, NextGear has been damaged in an amount in excess of Four Million Dollars ($4,000,000.00).

51. BOS's fraudulent representation to induce NextGear to sign the Subordination Agreement was calculated, willful, wanton, and outrageous because of its evil motive and/or reckless indifference to NextGear's rights so as to warrant and require an award of punitive damages in favor of NextGear and against BOS.

WHEREFORE, Plaintiff NextGear prays this Court enter judgment in favor of NextGear and against Bank of Springfield in an amount in excess of $4,000,000.00, equaling the total of NextGear Vehicle Funds improperly setoff by Bank of Springfield; punitive damages against BOS sufficient to punish BOS for its outrageous conduct and others like it from engaging in such conduct in the future; prejudgment interest at the maximum amount allowed by statute; post-judgment interest; NextGear's costs incurred herein; and for such other and further relief as the Court deems just and proper

### COUNT V – NEGLIGENT MISREPRESENTATION

52. NextGear restates and realleges each and every fact set forth in the preceding paragraphs as though each were fully set forth herein at length.

53. To induce NextGear to enter into the Subordination Agreement, BOS represented to NextGear that BOS would not assert any interest in Gateway's accounts receivable from GM that were proceeds of specific vehicles floor planned for Gateway by NextGear (i.e. the NextGear Vehicle Funds).

54. The foregoing representation was a statement of fact and was false.

55. BOS made the representation in the course of its business.

56. Because of BOS's failure to exercise reasonable care, the representation was false.

57. NextGear reasonably relied upon the trust of BOS's representation that the NextGear Vehicle Funds were exempt when it signed the Subordination Agreement

58. As a direct and proximate result of NextGear's reliance, NextGear has been damaged in an amount in excess of Four Million Dollars ($4,000,000.00).

WHEREFORE, Plaintiff NextGear prays this Court enter judgment in favor of NextGear and against Bank of Springfield in an amount in excess of $4,000,000.00, equaling the total of NextGear Vehicle Funds improperly setoff by Bank of Springfield; prejudgment interest at the maximum amount allowed by statute; post-judgment interest; NextGear's costs incurred herein; and for such other and further relief as the Court deems just and proper.

## COUNT VI – EQUITABLE CLAIM FOR RECESSION

59. NextGear restates and realleges each and every fact set forth in the preceding paragraphs as though each were fully set forth herein at length.

60. By reason of BOS's fraud and negligent misrepresentation, NextGear is entitled to rescission of the conditions, promises and provisions between BOS and NextGear in the Subordination Agreement, including reinstatement of NextGear's first-priority security interests in all of Gateway's open accounts receivable with General Motors.

WHEREFORE, Plaintiff NextGear prays the Court enter Judgment in favor of NextGear, rescinding the provisions of Subordination Agreement, restoring NextGear's first-priority security interests in all of Gateway's open accounts receivable with General Motors, NextGear's costs incurred herein, and for such other and further relief as the Court deems just and proper.

## COUNT VII – CONSTRUCTIVE TRUST

61. NextGear restates and realleges each and every fact set forth in the preceding paragraphs as though each were fully set forth herein at length.

62. NextGear is a creditor of Gateway under the Note and is the owner of the NextGear Vehicle Funds.

63. The NextGear Vehicle Funds are the personal property of NextGear consisting of currency in excess of Four Million Dollars ($4,000,000.00), which were deposited in Gateway's account.

64. BOS has unlawfully, without consideration, setoff, obtained, and/or possessed the NextGear Vehicle Funds, which it is adversely withholding and claiming is its own property and not NextGear's property.

65. The NextGear Vehicle Funds setoff, obtained, and/or possessed by BOS are NextGear's assets that BOS has received in trust for the benefit of NextGear.

66. BOS has been unjustly enriched and it is unfair and wrong to allow BOS to setoff to stand and/or for BOS to maintain its possession of the NextGear Vehicle Funds that are the personal property of NextGear.

67. BOS's actions have been willful, malicious, and with reckless disregard of NextGear's rights.

WHEREFORE, Plaintiff NextGear prays the Court enter Judgment in favor of NextGear, order the NextGear Vehicle Funds, wherever located, are held in a constructive trust for the benefit of NextGear and shall be tendered and conveyed to NextGear, NextGear's costs incurred herein, and for such other and further relief as the Court deems just and proper.

## COUNT VIII – MONEY HAD AND RECEIVED

68. NextGear restates and realleges each and every fact set forth in the preceding paragraphs as though each were fully set forth herein at length.

69. NextGear is a creditor of Gateway under the Note and is the owner of the NextGear Vehicle Funds.

70. The NextGear Vehicle Funds are the personal property of NextGear consisting of currency in excess of Four Million Dollars ($4,000,000.00), which were deposited in Gateway's account.

71. BOS has unlawfully, without consideration, setoff, obtained, and/or possessed the NextGear Vehicle Funds, which it is adversely withholding and claiming is its own property and not NextGear's property.

72. NextGear has made demand on BOS, but BOS has failed and refused to turnover or return the NextGear Vehicle Funds.

73. BOS has been unjustly enriched and it is unfair and wrong to allow BOS to setoff to stand and/or for BOS to maintain its possession of the NextGear Vehicle Funds that are the personal property of NextGear.

74. BOS has no right or interest to the NextGear Vehicle Funds and, therefore, has benefitted by setting off, obtaining, and/or possessing same.

75. As a direct and proximate result of BOS's setoff, possession, and/or retention of the NextGear Vehicle Funds belong to NextGear, NextGear has been damaged in an amount in excess of Four Million Dollars ($4,000,000.00).

WHEREFORE, Plaintiff NextGear prays this Court enter judgment in favor of NextGear and against Bank of Springfield in an amount in excess of $4,000,000.00, equaling the total of NextGear Vehicle Funds improperly setoff by Bank of Springfield; prejudgment interest at the maximum amount allowed by statute; post-judgment interest; NextGear's costs incurred herein, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C.

By: */s/ Spencer P. Desai*
Spencer P Desai, #39877MO
Kyle P. Lane, #66028MO
120 South Central Avenue, Suite 1800
St. Louis, Missouri 63105
314-854-8600 Telephone
314-854-8660 Facsimile
spd@carmodymacdonald.com
kpl@carmodymacdonald.com

Attorneys for Plaintiff NextGear Capital, Inc.