## SECURITY INTEREST SUBORDINATION AGREEMENT

This Security Interest Subordination Agreement ("Agreement") is made and entered into by and between NextGear Capital, Inc. ("Creditor"); Gateway Buick GMC, Inc., formerly known as Ken Behlmann Automotive Services, Inc. ("Debtor"); and Bank of Springfield ("Bank"), as of the date set forth on the last page of this Agreement.

To induce Bank to extend credit and other financial accommodations to Debtor now and hereafter, Bank desires that Creditor subordinate to Bank all of Creditor's rights in the Collateral (as defined below) in accordance with the terms of this Agreement.

1. **Collateral.** "Collateral" shall be defined as, and limited to, all of Debtor's open accounts receivable with General Motors that are now or may in the future be owed to Debtor from General Motors ("GM Open Accounts Receivable"), except to the extent, if any, that such GM Open Accounts Receivable constitute proceeds of specific vehicles floor planned for Debtor by Creditor and for which Creditor remains unpaid in whole or in part.

2. **Subordination by Creditor.** Creditor hereby subordinates to Bank all security interests, liens, interests and rights (whether consensual or by operation of law) in or against the Collateral, including but not limited to those security interests in the Collateral that were perfected by Creditor through UCC filing number 1303202014591 filed in the Office of the Missouri Secretary of State, and UCC filings numbered 1410164513327 and 2014 4167441 filed in the Office of the Delaware Secretary of State. Creditor agrees that Bank's security interest, lien and rights to the Collateral are superior to those of Creditor, notwithstanding the date, manner or order of perfection of the security interest, lien or claim of Bank or Creditor or any provisions of any other agreements between Creditor and Bank regarding Debtor or the Collateral to the contrary. Notwithstanding the foregoing, Creditor shall retain its first-priority security interest in all property not herein defined as Collateral, whether or not financed by Creditor.

3. **Modification of Senior Debt.** Bank may, at any time and in its sole discretion, substitute, release or permit alterations to the Collateral; proceed against any or all of the Collateral in whatever order Bank shall determine; modify, supplement or waive the provisions of the loan documents in any manner; and apply payments and/or proceeds from the Collateral in any order; in each case without notice to or the consent of Creditor, and without impairing or affecting any of Bank's rights under this Agreement or Creditor's obligations to Bank hereunder.

4. **No Third Party Beneficiaries.** This Agreement is solely for the benefit of NextGear Capital and Bank. There are no other parties (including Debtor) who are intended to be benefited hereby. Nothing contained in this Agreement is intended to affect or limit any security interest that NextGear Capital or Bank may have in the Collateral as it relates to parties other than NextGear Capital and Bank.

5. **Entire Agreement; Waiver; Successors and Assigns.** This Agreement contains the entire agreement of NextGear Capital and Bank regarding subordination. Any failure by NextGear Capital or Bank to exercise any right hereunder shall not be construed as a waiver of the right to exercise the same, and such rights shall be cumulative and not exclusive. This Agreement shall be binding upon, and inure to the benefit of, the successors and permitted assigns of Bank and NextGear Capital.


EXHIBIT H

6. **Applicable Law; Interpretation; Modification.** This Agreement shall be governed by, and construed in accordance with, the laws of the state of Missouri, without reference to principles of conflict of laws. Invalidity of any provision of this Agreement will not affect the validity of any other provision. This Agreement may not be modified or amended except upon the written consent of both parties hereto.

7. **Execution.** This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which taken together shall constitute one and the same instrument. Telecopied, facsimiled copies or pdf copies of the Agreement shall be deemed originals for all intents and purposes.

To evidence the parties' acceptance of this Security Interest Subordination Agreement, they have executed it as of the dates set forth below.

NEXTGEAR CAPITAL, INC.

s/ [signature]

BY: Kathy Clack

Date: 10/2/2015


BANK OF SPRINGFIELD

s/ [signature]

BY: Bruce Forster, SVP

Date: October 1, 2015


GATEWAY BUICK GMC, INC.

s/ [signature]

BY: Don Davis

Date: 10/1/15