UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-01086-NCC |
| | ) | |
| BANK OF SPRINGFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

## **MOTION TO DISMISS**

COMES NOW Defendant Bank of Springfield ("BOS") and states as follows:

1. Plaintiff filed a Complaint on July 5, 2018, and a First Amended Complaint on October 10, 2018, for which the Bank waived service.

2. The First Amended Complaint alleges eight causes of action:

> Count I - Breach of Contract
>
> Count II – Conversion
>
> Count III - Unjust Enrichment
>
> Count IV - Fraudulent Inducement
>
> Count V - Negligent Misrepresentation
>
> Count VI - Equitable Claim for Recession [*sic*]
>
> Count VII – Constructive Trust
>
> Count VIII – Money Had and Received.

3. Plaintiff and BOS were both lenders to the now bankrupt Gateway Buick GMC, Inc., d/b/a Gateway Buick GMC ("Gateway"), a General Motors automobile dealership that operated in Hazelwood, Missouri, until May, 2018.

4.     Both BOS and Plaintiff collateralized their loans with Gateway's GM open accounts receivable.

5.     Plaintiff, the Bank, and Gateway entered into a Subordination Agreement dated October 2, 2015 ("Subordination Agreement"), in which Plaintiff agreed to subordinate its security interests in the accounts receivable to BOS, "except to the extent, if any, that such GM Open Accounts Receivable constitute proceeds of specific vehicles floor planned for [Gateway] and for which [Plaintiff] remains unpaid in whole or in part." Doc. # 5-8.

6.     Plaintiff did not request, nor did BOS agree to any limitation upon, or to Plaintiff's control over, BOS's use of Gateway's receivables in the ordinary course of business. Thus, over the next few years, GM deposited proceeds on its Open Account with Gateway into the deposit account and BOS periodically repaid its loans from funds in the deposit account, without regard to whether the funds related to vehicles floor-planned by Plaintiff or other financial matters—incentives and such—processed through the Open Account. Compl. ¶ 18, 19. Plaintiff does *not* allege that BOS paid itself outside the ordinary course of business, or that BOS colluded with Gateway to subvert Plaintiff's security interest in any Gateway collateral.

## COUNT I – BREACH OF CONTRACT

7.     Under the Missouri Uniform Commercial Code, RSMo § 9-101 *et seq.* ("UCC"), as interpreted and applied by the Eighth Circuit, the Subordination Agreement did not restrict BOS's use of funds unless BOS made payments "out of ordinary course or otherwise in collusion with the debtor." *GE Capital Corp. v. Union Planters Bank, NA*, 409 F.3d 1049, 1056 (8th Cir. 2005).

8. Under UCC § 400.9-332, a depository bank that transfers funds at the direction of the customer transfers those funds free and clear of all security interests unless it has acted in collusion with the debtor to harm a secured creditor.

9. Under UCC §§ 9-340 and 9-341, a depository bank, even though its secured interests are subordinate to another creditor, may exercise its rights of recoupment and set-off and may continue to follow its customer's instructions unless it has agreed in an authenticated writing to follow another party's instructions or that party has taken control of the account.

10. Because Plaintiff does not allege that BOS acted outside the ordinary course of business or in collusion with Gateway, BOS did not breach the Subordination Contract by applying deposits in Gateway's deposit account to repay BOS's loans.

11. Plaintiff has failed to allege in Count I a claim for which relief can be granted. Count I should be dismissed with prejudice.

## COUNTS II THROUGH VIII

12. Counts II through VIII allege common law tort claims or remedies arising out of BOS's use of the deposit account.

13. Competing rights to collateral and proceeds thereof, including a bank's rights to deposit accounts, are governed by UCC Article 9. The UCC preempts common law claims to the extent those claims create rights or liabilities inconsistent with the UCC. *E.g., Choice Escrow & Land Title, LLC v. BancorpSouth Bank*, 2011 U.S. Dist. LEXIS 70566 at *8-9 (W.D. Mo.)(collecting numerous decisions from other state and district courts).

14. Counts II through VIII allege common law claims or requests for remedies that are inconsistent with the provisions of Article 9 and are, therefore, preempted by the UCC.

15. Alternatively, Counts II through VIII each fail to state a claim for which relief can be granted.

16. The grounds for this Motion are more fully set forth in the accompanying Memorandum of Law, which is incorporated by reference.

WHEREFORE, Defendant BOS requests that the Court dismiss Plaintiff's First Amended Complaint with prejudice, award BOS its costs and such other relief as the Court deems proper.

## PROOF OF SERVICE

I hereby certify that on November 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Spencer P. Desai
Kyle P. Lane
CARMODY MACDONALD P.C.
120 South Central Avenue, Suite 1800
St. Louis, MO 63105
spd@carmodymacdonald.com
kpl@carmodymacdonald.com

By  /s/Paul J. Puricelli
Paul J. Puricelli    32801MO
7733 Forsyth Boulevard, Suite 500
St. Louis, Missouri 63105
(314) 721-7011 (telephone)
(314) 721-8660 (telecopy)
pjp@stoneleyton.com