UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cv-01086-NCC |
| | ) |
| BANK OF SPRINGFIELD, | ) |
| | ) |
| Defendant. | ) |

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff NextGear Capital, Inc. ("NextGear"), by and through its undersigned attorneys, and for its Second Amended Complaint against Defendant Bank of Springfield ("BOS"), states as follows:

### PARTIES

1. NextGear is a Delaware corporation with its principal place of business at 1320 City Center Drive, Suite 100, Carmel, Indiana 46032.

2. BOS is an Illinois state-chartered bank doing business in St. Louis County, Missouri.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because NextGear and BOS are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, in that, the events giving rise to NextGear's claims occurred in St. Louis County, and BOS conducts business in St. Louis County.

## FACTUAL BACKGROUND

*Parties and Financing Structure of Gateway*

5.     Gateway Buick GMC, Inc., d/b/a Gateway Buick GMC ("Gateway") is a Delaware corporation which operated an automotive dealership at 820 James S. McDonnell Blvd., Hazelwood, Missouri 63042 ("Dealership").

6.     Gateway is a General Motors licensed franchisee/dealer and until May 2018 was engaged in the operation of an automobile retail store selling new Buick and GMC vehicles as well as used vehicles. Gateway also provided maintenance services to vehicles and related services.

7.     BOS provided financing to Gateway pursuant to the following promissory notes (collectively "BOS Notes"):

>   a)     Promissory note dated August 11, 2015 in the original principal amount of $10,000,000.00, a copy of which, along with the latest Change in Terms Agreement, is attached hereto as <u>Exhibit A</u> and incorporated herein as if more fully set forth;
>
>   b)     Promissory note dated September 29, 2015 evidencing a revolving line of credit with a credit limit of $3,125,000.00, a copy of which, along with the latest Change in Terms Agreement, is attached hereto as <u>Exhibit B</u> and incorporated herein as if more fully set forth;
>
>   c)     Promissory note dated January 12, 2016 evidencing a revolving line of credit with a credit limit of $500,000.00, a copy of which, along with the latest Change in Terms Agreement, is attached hereto as <u>Exhibit C</u> and incorporated herein as if more fully set forth;

8.     The BOS Notes are secured by a deed of trust on the Dealership and a Commercial Security Agreement and UCC filing. A copy of the Deed of Trust, Commercial Security Agreement and UCC financing statement are attached hereto as <u>Exhibits D, E & F</u> respectively and incorporated herein as if more fully set forth.

9. NextGear provided floor plan financing to Gateway pursuant to a Demand Promissory Note and Loan and Security Agreement dated October 27, 2014 (as amended and/or from time to time, and as most recently modified by the Forbearance Agreement and the Amended and Restated Forbearance Agreement (as defined below), the "Floorplan Note") whereby Gateway granted Plaintiff a security interest in all of its assets and properties wherever located, including, without limitation, all equipment of any kind or nature; all vehicles, vehicle parts and inventory then owned or thereafter acquired; purchase money inventory, the purchase of which was financed or floor planned by Plaintiff for Dealer, of whatever kind or nature, and all returns, repossessions, exchanges, substitutions, attachments, additions, accessions, accessories, replacements, and proceeds thereof; all accounts receivable, chattel paper, and general intangibles then owned or thereafter acquired by Dealer, together with the proceeds thereof; and all of Dealer's documents, books and records relating to the foregoing (the "Collateral"). A copy of which is attached hereto as <u>Exhibit G</u> and incorporated herein as if more fully set forth.

10. NextGear held a senior lien position in the accounts receivable of Gateway including all funds Gateway received from General Motors.

11. On or about October 1, 2015, Gateway, NextGear and BOS entered into a Subordination Agreement. A copy of which is attached hereto as <u>Exhibit H</u> and incorporated herein as if more fully set forth.

12. Pursuant to the terms of the Subordination Agreement NextGear agreed to subordinate "all of Debtor's open accounts with General Motors that are now or may in the future be owed to Debtor to General Motors ("GM Open Accounts Receivable"), except to

3

extent, if any, that such GM Open Accounts Receivable constitute proceeds of specific vehicles floor planned for Debtor by Creditor and for which Creditor remains unpaid in whole or in part".

13. Pursuant to the Subordination Agreement, Gateway was defined as the "Debtor", NextGear was defined as the "Creditor" and BOS was defined as the "Bank".

14. Pursuant to the Subordination Agreement, NextGear subordinated its senior lien position in payments from General Motors that were not proceeds from vehicles specifically floor planned by NextGear.

*Gateway's Financial and Operational Failures*

15. Gateway received at least two types of payments from General Motors: (a) vehicle rebates and holdbacks that constituted proceeds from vehicles directly floorplanned by NextGear ("NextGear Vehicle Funds"); and (b) various dealer incentive payments in which NextGear agreed to subordinate its lien priority pursuant to the Subordination Agreement.

16. On or about May 27, 2016, Plaintiff and Gateway entered into a Forbearance Agreement.  The Forbearance Agreement was necessitated by Gateway's failure to remit payment for vehicles Gateway sold subject to the Floorplan Note.

17. On or about July 10, 2017, Plaintiff and Gateway entered into an Amended and Restated Forbearance Agreement which acknowledged further defaults by Gateway under the Floorplan Note.  A copy of which is attached hereto as Exhibit I and incorporated herein as if more fully set forth.

18. BOS had knowledge of the Forbearance Agreement and the Amended and Restated Forbearance Agreement.

19. Section 3C of the Amended and Restated Forbearance Agreement expressly prohibits Gateway from obtaining any additional loan advances from BOS.

4

20. The BOS Notes each contain the following provision:

DEFAULT:  Each of the following shall constitute an event of default under this Note:

Default In Favor of Third Parties.    Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially effect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

21. Beginning in May 2016, by virtue of its continuing and ongoing action selling vehicles out of trust under the Floorplan Note, Gateway was in default under the Floorplan Note and the BOS Notes.

22. Beginning in May 2016, because of its existing defaults under the Floorplan Note and the BOS Notes, Gateway was not operating in the ordinary course of business.

23. To prevent further out of trust sales and proper application of automobile sales proceeds, Plaintiff had risk managers on site at Gateway, on a weekly basis, since early 2017. BOS was aware of Plaintiff's efforts.

24. On June 30, 2017 Gateway and the Missouri Department of Revenue entered into a Final Settlement and Stipulation Agreement regarding Gateway's failure to pay sales tax.  BOS was aware of the Final Settlement and Stipulation Agreement.

25. Gateway maintained bank accounts at several banks including Regions Bank and BOS.  Pursuant to the various loan agreements with Plaintiff, General Motors payments consisting of NextGear Vehicle Funds were to be deposited into the Regions Bank account which was subject to a control agreement with Plaintiff.

## COUNT I – BREACH OF CONTRACT

26. Plaintiff restates and realleges paragraphs 1 through 25 herein as if more fully set forth.

27. As part of the pay down of the BOS Notes, BOS would utilize funds from Gateway's deposit account at BOS.

28. At the direction of Gateway and with the knowledge of BOS, General Motors would deposit rebate, holdback and incentive payments into the BOS account. BOS was aware that rebate and holdback payments, constituting NextGear Vehicle Funds, were being deposited into the Gateway's account at BOS.

29. BOS breached the terms of the Subordination Agreement by routinely sweeping money in Gateway's accounts that included NextGear Vehicle Funds.

30. The receipt of NextGear Vehicle Funds by BOS constituted a breach of the Subordination Agreement.

31. The payment of NextGear Vehicle Funds to BOS by Gateway was done outside of the ordinary course of business.

32. The payment of NextGear Vehicle Funds to BOS by Gateway was done in violation of the Amended and Restated Forbearance Agreement and the Subordination Agreement.

33. BOS and Gateway acted purposefully and in concert in directing NextGear Vehicle Funds to be deposited at BOS for payment of the BOS Notes in violation of the Subordination Agreement, Floorplan Note and the Amended and Restated Forbearance Agreement.

34. NextGear has performed all of its obligations under the terms of the Subordination Agreement.

35. As a direct and proximate cause of BOS's breach of the Subordination Agreement, NextGear has been damaged in an amount in excess of Four Million Dollars ($4,000,000.00).

WHEREFORE, Plaintiff NextGear prays this Court enter judgment in favor of NextGear and against Bank of Springfield in an amount in excess of $4,000,000.00, equaling the total of NextGear Vehicle Funds improperly taken by Bank of Springfield; prejudgment interest at the maximum amount allowed by statute; post-judgment interest; and for such other and further relief as the Court deems just and proper.

### COUNT II – CONVERSION

36. Plaintiff restates and realleges paragraphs 1 through 25 herein as if more fully set forth.

37. The NextGear Vehicle Funds are personal property.

38. Gateway and BOS worked in concert to place NextGear Vehicle Funds in the possession of BOS for payment of BOS Notes.

39. By taking possession of and applying the NextGear Vehicle Funds to the BOS Notes, BOS prevented NextGear from collecting proceeds from sale of vehicles due to NextGear under the Floorplan Note.

40. BOS, therefore, has and continues to misappropriate and exercise dominion and control over the NextGear Vehicle Funds, which are rebates and holdbacks from the sale of vehicles due to NextGear pursuant to the terms of the Subordination Agreement.

41. BOS's possession and application of the NextGear Vehicle Funds to the BOS Notes was unauthorized.

42. The NextGear Vehicle Funds converted by BOS have a value in excess of Four Million Dollars ($4,000,000.00).

43. As a direct and proximate cause of BOS's conversion, NextGear has been damaged in an amount in excess of Four Million Dollars ($4,000,000.00).

44. The conduct of BOS in converting the NextGear Vehicle Funds, knowing said funds were the property of NextGear, was calculated, willful, wanton, and outrageous because of its evil motive and/or reckless indifference to NextGear's rights so as to warrant and require an award of punitive damages in favor of NextGear and against BOS.

WHEREFORE, Plaintiff NextGear prays this Court enter judgment in favor of NextGear and against Bank of Springfield in an amount in excess of $4,000,000.00, equaling the total of NextGear Vehicle Funds improperly taken by Bank of Springfield; punitive damages against BOS sufficient to punish BOS for its outrageous conduct and others like it from engaging in such conduct in the future; prejudgment interest at the maximum amount allowed by statute; post-judgment interest; NextGear's costs incurred herein; and for such other and further relief as the Court deems just and proper

### COUNT III – UNJUST ENRICHMENT

45. Plaintiff restates and realleges paragraphs 1 through 25 herein as if more fully set forth.

46. BOS has benefitted and is currently benefitting from the application and retention of the NextGear Vehicle Funds in Gateway's account.

47. The NextGear Vehicle Funds are rebate and holdback payments received from GMC for the sale of vehicles under the Floorplan Note and the Amended and Restated Forbearance Agreement.

8

48. The NextGear Vehicle Funds are the collateral proceeds and property of NextGear under the Floorplan Note and the Amended and Restated Forbearance Agreement.

49. BOS has no right or interest to the NextGear Vehicle Funds under the Subordination Agreement, but BOS is currently enjoying the benefit of said funds through its retention and setoff of all funds in Gateway's account.

50. Gateway and BOS worked in concert to place NextGear Vehicle Funds in the possession of BOS for payment of BOS Notes.

51. BOS is aware of and appreciate the benefit conferred upon it.

52. NextGear has advised BOS that it is improperly retaining and possessing the NextGear Vehicle Funds in violation of the Floorplan Note and Subordination Agreement and has demanded BOS turnover the NextGear Vehicle Funds.

53. Despite NextGear's demand, BOS has failed and refused to turnover or return the NextGear Vehicle Funds.

54. It would be unjust and inequitable to permit BOS to retain the benefit of the NextGear Vehicle Funds, to which BOS has no ownership, right, or interest, for its sole benefit and to the detriment of NextGear.

55. The NextGear Vehicle Funds setoff and/or possessed by BOS have a value in excess of Four Million Dollars ($4,000,000.00).

56. As a direct and proximate cause of BOS's setoff and/or possession of the NextGear Vehicle Funds, NextGear has been damaged in an amount in excess of Four Million Dollars ($4,000,000.00).

WHEREFORE, Plaintiff NextGear prays this Court enter judgment in favor of NextGear and against Bank of Springfield in an amount in excess of $4,000,000.00, equaling the total of

NextGear Vehicle Funds improperly taken by Bank of Springfield; prejudgment interest at the maximum amount allowed by statute; post-judgment interest; NextGear's costs incurred herein, and for such other and further relief as the Court deems just and proper.

## **COUNT IV – TORTIOUS INTERFERENCE**

57. Plaintiff restates and realleges paragraphs 1 through 25 herein as if more fully set forth.

58. Plaintiff and Gateway were in a valid business and contractual relationship as parties to the Floorplan Note, Forbearance Agreement and Amended and Restated Forbearance Agreement.

59. BOS was aware of the business and contractual relationship between Plaintiff and Gateway.

60. Gateway and BOS worked in concert to place NextGear Vehicle Funds in the possession of BOS for payment of BOS Notes.

61. BOS was aware that NextGear Vehicle Funds were being deposited into BOS accounts.

62. BOS induced Gateway to deposit funds, regardless of the source, into BOS for the purpose of repayment of the BOS Notes.

63. There is no reasonable justification for BOS actions beyond the desire to facilitate repayment of the BOS Notes. Gateway was in default under the Floorplan Note, the Amended and Restated Forbearance Agreement and the BOS Notes. Gateway was not operating in the ordinary course of business.

64. As a direct and proximate cause of BOS's setoff and/or possession of the NextGear Vehicle Funds, NextGear has been damaged in an amount in excess of Four Million Dollars ($4,000,000.00).

WHEREFORE, Plaintiff NextGear prays this Court enter judgment in favor of NextGear and against Bank of Springfield in an amount in excess of $4,000,000.00, equaling the total of NextGear Vehicle Funds improperly taken by Bank of Springfield; prejudgment interest at the maximum amount allowed by statute; post-judgment interest; NextGear's costs incurred herein, and for such other and further relief as the Court deems just and proper

Respectfully submitted,

CARMODY MACDONALD P.C.

By: */s/ Spencer P. Desai*
Spencer P Desai, #39877
Patrick G. Carmody, #62784
120 South Central Avenue, Suite 1800
St. Louis, Missouri 63105
314-854-8600 Telephone
314-854-8660 Facsimile
spd@carmodymacdonald.com
pgc@carmodymacdonald.com

Attorneys for Plaintiff NextGear Capital, Inc.

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and complete copy of the foregoing was served on the 11th day of December 2018 via the Court's ECF system upon all counsel of record.

*/s/ Spencer P. Desai*