## AMENDED AND RESTATED FORBEARANCE AGREEMENT

This Amended and Restated Forbearance Agreement (the "**Amended Forbearance**") is entered into by and between NextGear Capital, Inc. ("**NextGear Capital**" or "**Lender**") on one hand, and Gateway Buick GMC, Inc. ("**Dealer**") and is effective as of the date of the most recent signature set forth below.

## RECITALS

A. On or about October 27, 2014, Dealer executed a Demand Promissory Note and Loan and Security Agreement (together with any subsequent amendments or restatements thereto, the "**Note**") in favor of NextGear Capital. **CAPITALIZED** terms not otherwise defined herein shall have the meaning ascribed to them in the Note.

B. Shanahan, Davis, Al, and Richard Lehman (collectively, "**Guarantors**") have each executed unconditional guaranties of the indebtedness and obligations under the Note (collectively, the "**Guaranties**").

C. Pursuant to Section 4(f) of the Note, Dealer shall hold all amounts received from the sale of any Unit of Lender Financed Inventory in the form as received in trust for the sole benefit of and for Lender, and to shall remit funds to Lender within twenty-four (24) hours of Dealer's receipt thereof. As of May 27, 2016, Dealer had failed to remit a portion of the funds received and by omitting to remit all funds derived from the sale of Units of Lender Financed Inventory Dealer was in violation of Section 4(f) of the Note.

D. On or about May 27, 2016, NextGear Capital and Dealer entered into a Forbearance Agreement (the "**Initial Forbearance Agreement**"). Pursuant to the Initial Forbearance Agreement, NextGear Capital and Dealer acknowledged and agreed, among other things, that as of May 18, 2016, Dealer owed to Lender the total of $5,693,371.87 in funds Dealer did not remit to NextGear Capital in violation of Section 4(f) of the Note (the "**Initial OT Obligations**").

E. Pursuant to the Initial Forbearance Agreement, Lender has the authority to conduct monthly meetings with Dealer in respect to Dealer operations and financial conditions, receive promptly on its request financial statements, sworn affidavits, Certified Financial Statements, and other financial information requested, together with detailed monthly sales reports.

F. As of July 5, 2017, the outstanding balance on the Initial OT Obligations is Four Million, Two Hundred Eleven Thousand, Two Hundred Twenty-Six and 36/100 Dollars ($4,211,226.36).

G. From and after May 27, 2016, Dealer has accrued additional "out of trust" payment deficiencies arising from the sales of 166 Units of Lender Financed Inventory and on which there is an outstanding balance, as of July 5, 2017, of Six Million, Four Hundred Ninety Seven Thousand, One Hundred Sixty-Two and 48/100 Dollars ($6,497,162.48) (the "**Post-Forbearance OT Obligations**," and collectively with the Initial OT Obligations, the "**OT Obligations**"). A true and correct itemization of the Post-Forbearance OT related vehicles is attached hereto and

incorporated herein as Exhibit A (the "**OT Vehicles**"). As of July 5, 2017, the OT Obligations total Ten Million, Seven Hundred Eight Thousand, Three Hundred Eighty-Eight and 80/100 Dollars ($10,708,388.80).

H.  In addition to the OT Obligations, Dealer is indebted to NextGear Capital under the Note and Guaranties, as of July 5, 2017, in an additional amount of Twenty-One Million, Five Hundred Ninety-Eight Thousand, Six Hundred Seventy-Eight and 44/100 Dollars ($21,598,678.44) (the "**Stock Indebtedness**") for Dealer's acquisition and/or retention of 696 Units of Lender Financed Inventory (collectively, the "**Stock Inventory**").

I.  Therefore, as of July 5, 2017, the outstanding balance under the Note, which is the aggregate sum of the Stock Indebtedness and the OT Indebtedness, is Thirty-Two Million, Three Hundred Seven Thousand, Sixty-Seven and 28/100 Dollars ($32,307,067.28). The total indebtedness under the Note at any given time shall be referred to herein as the "**Indebtedness**".

J.  The Indebtedness is further secured by the Collateral (as defined in the Note) and a Deed of Trust (the "**Mortgage**") on the real property commonly known as Knollwood Apts Plat 1, more specifically identified as recorded at Book 21355, Page 0385-0390 in the books and records of the Office of Recorder of Deeds of St. Louis County, Missouri (the "**Property**"). The Mortgage is subject and subordinate to only a mortgage granted in favor of the Bank of Springfield (the "**Bank**), and no other lien or encumbrance on the Property exists, excluding any covenants, conditions, restrictions, rights of way, and easements of record.

K.  On June 30, 2017, Dealer and the Missouri Department of Revenue, by and through the Director of Revenue, entered into the Final Settlement and Stipulation Agreement ("**DOR Settlement**").

L.  As a result of the sale of the OT Vehicles and resulting out of trust indebtedness and other breaches of the Note, an Event of Default as defined by the Loan Documents has occurred and continues thereunder and NextGear Capital may declare a Termination Event has arisen under the Initial Forbearance Agreement and thereafter immediately exercise all rights and remedies under the Note, the Loan Documents, and applicable law.

M.  Dealer has requested that NextGear Capital continue to forbear from immediate exercise of those remedies.

N.  NextGear Capital is only willing to continue to forbear from exercising its rights pursuant to the terms, conditions, and covenants contained herein.

NOW, THEREFORE, NextGear Capital and Dealer (collectively, the "**Parties**") agree as follows:

1.  **CONDITIONAL FORBEARANCE.**

Conditioned upon Dealer's strict compliance with the terms, conditions, and other covenants contained within this Agreement, NextGear Capital agrees to forbear from exercising

its rights under Section 7 of the Note until the earliest of March 30, 2018, or on the date that a "Termination Event" arises. A Termination Event shall be deemed to have arisen if: (i) Dealer breaches any material term, condition, or covenant contained herein; (ii) any new Event of Default shall occur under the Note, or other Loan Documents; or (iii) any of the representations and warranties contained herein are false, or otherwise fail. The period between the date of the execution of this Agreement and the expiration of the forbearance shall be referred to as the "**Forbearance Period.**"

Upon expiration of the Forbearance Period described herein, all amounts owed by Dealer to NextGear Capital under the Loan Documents shall be immediately payable in full, and NextGear Capital may exercise its respective rights and remedies under the Loan Documents, this Agreement and applicable law, without the requirement of any further notice or other action by NextGear Capital.

## 2. PAYMENT TERMS OF OT OBLIGATIONS.

The OT Obligations shall be paid via wire transfer, and in accordance with the following terms:

A. <u>Interest on OT Obligations</u>. Through October 1, 2017, no interest shall accrue on the OT Obligations nor shall any payments be required on the OT Obligations. Commencing on October 1, 2017, interest on the OT Obligations shall accrue at 5% per annum, based on a 365-day calendar year. Commencing on October 6, 2017, and continuing on each Friday thereafter through and including March 23, 2017, Dealer shall pay NextGear Capital consecutive, weekly installment payments in the amount of $10,410.93.

B. <u>Final Payment</u>. On or before March 30, 2018, Dealer shall pay the entire remaining OT Obligations, plus all interest that has accrued and is unpaid through the date of payoff.

C. <u>Conditional Debt Forgiveness</u>. Solely in the event that, prior to March 1, 2018, Dealer pay the entire Indebtedness, including the OT Indebtedness, all interest on the OT Indebtedness shall be waived by NextGear Capital, and all interest payments previously made towards the OT Indebtedness in accordance with Section 2(A) shall be deemed a prepayment towards the principal of the OT Indebtedness.

## 3. PERFORMANCE.

In addition to, and not in lieu of, the terms, conditions, and covenants contained within the Loan Documents, Dealer shall perform the following or cause the following to be performed:

A. <u>Payment of Other Obligations</u>. Excluding only the portion of the Indebtedness solely related to the OT Obligations, Dealer shall make all payments to NextGear timely, including interest, principal fees, or otherwise, pursuant to the terms of the Note and the Loan Documents. Notwithstanding the foregoing, on or before March 30, 2018, Dealer shall pay the entire unpaid Indebtedness then-existing.

B.  **Payments to Insiders.**  During the Forbearance Period, the Dealer shall not make any payment to any other Debtor, insider, or affiliate for any other reason whatsoever, except for weekly gross payments to Don Davis for earned wages in the maximum amount of Five Thousand and no/100 Dollars ($5,000.00) per week, and except as otherwise expressly agreed upon by NextGear Capital in writing.

C.  **Prohibition against Borrowing.**  Except unsecured trade debt incurred in the ordinary course of business, and the Ally Loan Facility (defined below), Dealer shall not incur any new indebtedness with any other creditor besides NextGear Capital.  Without limiting the generality of the preceding sentence, Dealer expressly agree that Dealer shall not obtain any additional loan advances from the Bank, including any "reserve" withheld by the Bank from prior refinancing transactions with Dealer (as described in the Initial Forbearance Agreement) or otherwise, which would be secured by the Property, or inventory.

D.  **IRS Debt.**  On or before September 1, 2017, Dealer shall have fully satisfied and discharged all obligations to the IRS that stem from unpaid sales tax, and shall present NextGear Capital with evidence that such indebtedness is satisfied.  Any payments to the Internal Revenue Service shall be solely derived from sources other than the Collateral.

E.  **Lender Commitment or Sale Commitment.**  Dealer shall use reasonable diligence to (1) sell the Property, along with the stock and/or assets of Dealer; and (2) obtain alternative financing for the Indebtedness, less the OT Obligations.  On or before October 1, 2017, Dealer shall either (1) cause a lender to provide a written commitment to loan money to Dealer, immediately available in full, in an amount not less than the Indebtedness, less the then-unpaid OT Obligations, or (2) enter into a purchase agreement to sell the shares and/or assets and/or Property for net proceeds in an amount not less than the then-existing Indebtedness, with a closing date of such sale to be scheduled on or before December 15, 2017.  In the event of a sale as described herein, the net proceeds shall first be paid to satisfy the Indebtedness.

F.  **Transfer of Property and Mortgage.**  The Parties acknowledge that, as a condition precedent to Dealer obtaining additional financing, Dealer may need to transfer the Real Estate to Automotive Investments LLC ("**AI**").  AI shall, contemporaneous with this Agreement, execute the "**Amended Mortgage**" attached hereto and incorporated herein as **Exhibit B**.

G.  **Control Agreement.**  The existing deposit account control agreement between NextGear Capital and Dealer shall remain in full force and effect until the Indebtedness is satisfied in full.

H.  **Reporting Requirements.**  Upon request from NextGear Capital, at any time and from time to time, Dealer shall promptly produce financial documentation concerning the financial condition of the Dealer.  Without limiting the generality of the foregoing, Dealer shall provide or shall cause to be provided the following documentation: (i) on a daily basis, bills of sale pertaining to any sold Collateral and "funding notices" from consumer lenders reflecting funds received by Dealer from sold Collateral; (ii) on a weekly basis, bank statements for the Dealer; (iii) on a monthly basis, all profit and loss sheets; (iv) on or before July 15, 2017, updated and current verified financial statements of Shanahan and Davis; and (v) immediately after being produced to

Ally, any documents produced to Ally.

      I.      <u>Accounts from GM.</u>  With respect to any Unit of Lender Financed Inventory that is sold for less than the balance owed NextGear Capital for the respective vehicle, Dealer shall pay the remaining indebtedness for the respective vehicle from the proceeds of funds received from General Motors Company ("GM"), or any of GM's subsidiaries or affiliates, that directly or indirectly arise from or pertain to such vehicle (including, without limitation, any rebates, holdbacks, bonuses, or manufacturer incentives).

      J.      <u>Dealer License.</u>  Without limiting the generality of Section 4(N) of the Note or Section 5 below, Dealer shall maintain an active Dealer's license with the Missouri Department of Revenue.

      K.      <u>Compliance with DOR Agreement.</u>  Dealer shall comply with all terms, conditions, and covenants contained within the DOR Settlement.

**4.   REPRESENTATION AND WARRANTIES.**

In addition to the representation and warranty made in Section 3(D), the Dealer represent and warrant to NextGear Capital, on which NextGear Capital is reasonably relying, the following:

      A.      <u>Recitals</u>.  The Recitals set forth above are acknowledged by Dealer as true and correct, and for all purposes shall be interpreted as being an integral part of this Agreement.

      B.      <u>No Defenses</u>.  Dealer acknowledge that: (1) the Loan Documents are valid and binding agreements enforceable by their terms as between the parties hereto, and are not subject to any real or personal defenses, counterclaim, or set-off; (2) the Indebtedness is secured by a non-avoidable, perfected, first priority lien and security interest in the Collateral; and (3) NextGear Capital has an immediate and absolute right, without any further delay or the occurrence of any conditions precedent, to demand payment of the entire Indebtedness from the Dealer, and to exercise all rights and remedies in accordance the Loan Documents, the Uniform Commercial Code, and otherwise at law or equity in the event of a violation of the terms hereof.

      C.      <u>No Novation</u>.  This Agreement shall not constitute a novation or an accord and satisfaction of the Note, the Guaranties, or the other Loan Documents.

      D.      <u>No Course of Dealings Established/Discretionary Loans</u>.  The execution of this Agreement shall not constitute a "course of dealings" among the Parties with respect to amending, modifying, or extending this Agreement or the Loan Documents in the future. Dealer recognize, acknowledge, and agree that NextGear Capital may lawfully refuse any future requests to amend or modify this Agreement or the Loan Documents, and NextGear Capital shall remain a discretionary lender, and reserves the right to determine whether or not to make any Advance under the Note in its sole and complete discretion.

**5.   LOAN DOCUMENTS RATIFIED.**

Except as expressly modified herein, all of the terms, provisions, requirements, and specifications contained in the Loan Documents remain in full force and effect. The Parties do not intend, and the execution of this Agreement shall not, in any manner impair any of the Loan Documents.

### 6. RELEASE.

As additional consideration for this Agreement, this Agreement shall constitute a release by Dealer, in which Dealer, on behalf of itself, and its respective current and former agents, representatives, successors in interest, assigns, affiliates, predecessors, parents and subsidiaries, and all those acting on its behalf, RELEASES and FOREVER DISCHARGES NextGear Capital and all of its current and former agents, employees, partners, officers, servants, directors, attorneys, affiliates, parents, subsidiaries, predecessors, successors-in-interest and assigns, none of whom admit any liability, from any and all claims, demands, damages, indebtedness, action, and causes of action, known or unknown, on account of, arising out of, or in any way connected with the Loan Documents, the Indebtedness, this Agreement, or otherwise to the contractual relationships among the Parties.

### 7. ASSIGNMENT.

This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, assigns, legal representatives, and successors-in-interest.

### 8. MERGER.

This Agreement represents the entire agreement between the Parties concerning the limited forbearance being granted hereunder and/or the SOT Vehicles or OT Obligations. There are no other written or oral agreements between the Parties which purport to grant limited forbearance, and no promise, enticement or agreement not herein expressed has been made.

### 9. CHOICE OF LAW AND FORUM.

This Agreement shall be governed by, construed by, and enforced in accordance with the laws of the State of Indiana. Without limiting the effect of Section 5 above, the DEALER SUBMIT TO THE PERSONAL JURISDICTION AND VENUE OF THE STATE AND FEDERAL COURTS OF MARION COUNTY AND HAMILTON COUNTY, INDIANA, AND AGREE THAT ANY AND ALL CLAIMS OR DISPUTES PERTAINING TO THIS AGREEMENT, OR TO ANY MATTER ARISING OUT OF OR RELATED TO THIS AGREEMENT, INITIATED BY ANY OR ALL DEALER AGAINST NEXTGEAR CAPITAL, SHALL BE BROUGHT IN THE STATE OR FEDERAL COURTS OF MARION COUNTY OR HAMILTON COUNTY, INDIANA. FURTHER, DEALER EXPRESSLY CONSENT TO THE JURISDICTION AND VENUE OF THE STATE AND FEDERAL COURTS OF MARION COUNTY AND HAMILTON COUNTY, INDIANA, AS TO ANY LEGAL OR EQUITABLE ACTION THAT MAY BE BROUGHT IN SUCH COURT BY NEXTGEAR CAPITAL, AND WAIVES ANY OBJECTION BASED UPON LACK OF PERSONAL JURISDICTION,

IMPROPER VENUE, OR FORUM NON CONVENIENS WITH RESPECT TO SUCH ACTION. DEALER FURTHER ACKNOWLEDGE AND AGREE THAT NEXTGEAR CAPITAL RESERVES THE RIGHT TO INITIATE AND PROSECUTE ANY ACTION AGAINST ANY OR ALL DEALER IN ANY COURT OF COMPETENT JURISDICTION, AND DEBTOR CONSENTS TO SUCH FORUM AS NEXTGEAR CAPITAL MAY ELECT.

10. **WAIVER INEFFECTIVE.**

No waiver, modification, or amendment of any term, condition, or provision of this Agreement shall be valid or have any force or effect unless made in writing and signed by all Parties to this Agreement.

11. **SEVERABILITY.**

Should any provision of this Agreement be held invalid or illegal, such invalidity or illegality shall not invalidate the whole of this Agreement, but rather the Agreement shall be construed as if it did not contain the invalid or illegal part, and the rights and obligations of the Parties shall be construed and enforced accordingly.

12. **SURVIVAL.**

The representations, warranties, covenants, and consideration provided by the Dealer under this Agreement shall survive the termination of this Agreement.

13. **NO PRESUMPTION AGAINST DRAFTER.**

Each of the Parties has jointly participated in the negotiation and drafting of this Agreement. In the event of an ambiguity or a question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by each of the Parties hereto an no presumptions or burdens of proof shall arise favoring either Party by virtue of the authorship of any provisions of this Agreement.

14. **SIGNATORY WARRANTY.**

Each of the individuals executing this Agreement as agent on behalf of a principal represent and warrant, in their respective individual capacities, that he or she has full power and agency authority to enter into this Agreement and bind his or her respective principal, that all necessary consents and approvals have been obtained, and that no other consent, approval or action is required.

15. **NOTICES.**

Unless otherwise instructed by NextGear Capital in writing, all notices or reports under this Agreement shall be sent by e-mail to Christopher M. Trapp, Director of Recovery for NextGear Capital, at chris.trapp@nextgearcapital.com.

## 16. EXECUTION.

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument.

## 17. TITLE CLERK.

Until and unless a Termination Event has arisen hereunder, NextGear Capital shall store all certificates of title and manufacturer statements of origin to Lender Financed Inventory at Dealer's principal place of business, in a private office that has been previously provided by Dealer for which NextGear Capital has exclusive access and control. Upon the sale of any Unit of Lender Financed Inventory, NextGear Capital shall immediately provide Dealer with the title or MSO to such sold vehicle upon completion of the following terms: (1) in the event a consumer pays for a vehicle in cash, upon proof of such cash payment; or (ii) in the event that a consumer finances (in whole or in part) a vehicle, upon proof of down payment and upon proof that the entity providing finance has committed to purchasing the loan.

**NextGear Capital, Inc.**

By: _____     7-7-2017
John Wick                                Date
Senior Vice President

**Gateway Buick GMC, Inc.**

By: _____     7/10/17
Donald M. Davis                          Date
President

| VS | Vehicle Description | VIN | Stk # |
|---|---|---|---|
| SOT | 2016 Buic Vera | 123245 | 3855 |
| SOT | 2016 GMC Sier | 121217 | 3859 |
| SOT | 2016 Buic Vera | 126831 | 3928 |
| SOT | 2016 Buic Vera | 130336 | 4038 |
| SOT | 2016 GMC Sier | 203859 | 4284 |
| SOT | 2016 Buic Rega | 163973 | 4322 |
| SOT | 2016 Buic Encl | 274051 | 4370 |
| SOT | 2016 GMC Yuko | 300724 | 4383 |
| SOT | 2016 Buic Rega | 171224 | 4390 |
| SOT | 2016 GMC Yuko | 313420 | 4439 |
| SOT | 2016 GMC Yuko | 340858 | 4576 |
| SOT | 2016 Buic LaCr | 272388 | 4583 |
| SOT | 2016 GMC Cany | 270858 | 4632 |
| SOT | 2016 GMC Yuko | 359548 | 4638 |
| SOT | 2016 Buic LaCr | 286592 | 4647 |
| SOT | 2016 Buic Enco | 647238 | 4673 |
| SOT | 2016 Buic Enco | 657399 | 4674 |
| SOT | 2016 GMC Sier | 202256 | 4685 |
| SOT | 2016 GMC Yuko | 371472 | 4707 |
| SOT | 2016 GMC Yuko | 370240 | 4708 |
| SOT | 2016 GMC Yuko | 372003 | 4717 |
| SOT | 2016 GMC Yuko | 372023 | 4719 |
| SOT | 2016 Buic Enco | 663983 | 4724 |
| SOT | 2016 Buic Enco | 659094 | 4731 |
| SOT | 2016 GMC Sier | 304756 | 4757 |
| SOT | 2016 GMC Cany | 286587 | 4758 |

| | | | |
|---|---|---|---|
| SOT | 2016 GMC Yuko | 380466 | 4760 |
| SOT | 2016 GMC Yuko | 380849 | 4763 |
| SOT | 2016 GMC Sier | 307347 | 4765 |
| SOT | 2016 GMC Cany | 290191 | 4766 |
| SOT | 2016 Buic Enco | 667882 | 4773 |
| SOT | 2016 GMC Cany | 291237 | 4783 |
| SOT | 2016 GMC Terr | 340496 | 4785 |
| SOT | 2016 GMC Yuko | 383072 | 4789 |
| SOT | 2016 GMC Yuko | 385557 | 4798 |
| SOT | 2016 GMC Sier | 314911 | 4800 |
| SOT | 2016 GMC Sier | 217560 | 4828 |
| SOT | 2016 GMC Yuko | 396727 | 4830 |
| SOT | 2016 GMC Sier | 217833 | 4831 |
| SOT | 2016 BUIC ENVI | 174663 | 4833 |
| SOT | 2016 GMC Yuko | 399526 | 4841 |
| SOT | 2016 Buic Enco | 676434 | 4850 |
| SOT | 2016 Buic Enco | 678210 | 4851 |
| SOT | 2016 Buic Vera | 174588 | 4852 |
| SOT | 2016 Buic Vera | 175120 | 4860 |
| SOT | 2016 GMC Sier | 224811 | 4877 |
| SOT | 2017 GMC Terr | 103843 | 4878 |
| SOT | 2016 Buic Vera | 177487 | 4884 |
| SOT | 2016 GMC Sier | 158042 | 4897 |
| SOT | 2016 Buic Enco | 686904 | 4901 |
| SOT | 2017 Buic Encl | 101600 | 4906 |
| SOT | 2016 Buic Envi | 198485 | 4915 |
| SOT | 2016 Buic Enco | 687046 | 4916 |

| | | | |
|---|---|---|---|
| SOT | 2016 GMC Yuko | 419457 | 4921 |
| SOT | 2016 GMC Yuko | 420915 | 4926 |
| SOT | 2016 Buic Vera | 179712 | 4933 |
| SOT | 2016 Buic Enco | 699200 | 4939 |
| SOT | 2016 Buic Enco | 674525 | 4961 |
| SOT | 2016 Buic Casc | 118991 | 4969 |
| SOT | 2016 Buic Enco | 710855 | 4974 |
| SOT | 2016 GMC Cany | 329940 | 4977 |
| SOT | 2017 Buic Encl | 116487 | 4982 |
| SOT | 2016 Buic Enco | 710726 | 4992 |
| SOT | 2016 Buic Enco | 695188 | 4993 |
| SOT | 2016 GMC Sier | 241880 | 4999 |
| SOT | 2016 GMC Sier | 361161 | 5003 |
| SOT | 2016 Buic Vera | 184130 | 5033 |
| SOT | 2016 Buic Enco | 721570 | 5035 |
| SOT | 2016 Buic Vera | 183774 | 5040 |
| SOT | 2017 GMC Terr | 140740 | 5106 |
| SOT | 2016 GMC Sier | 254499 | 5122 |
| SOT | 2016 Buic Casc | 151985 | 5134 |
| SOT | 2016 Buic Casc | 149850 | 5135 |
| SOT | 2016 Buic Casc | 153601 | 5136 |
| SOT | 2017 GMC Acad | 146188 | 5152 |
| SOT | 2017 Buic LaCr | 132227 | 5172 |
| SOT | 2016 Buic Envi | 235464 | 5173 |
| SOT | 2016 Buic Casc | 161704 | 5176 |
| SOT | 2017 Buic Rega | 110832 | 5188 |
| SOT | 2017 Buic LaCr | 134711 | 5189 |

| | | | |
|---|---|---|---|
| SOT | 2017 Buic Rega | 112243 | 5192 |
| SOT | 2017 Buic LaCr | 132033 | 5201 |
| SOT | 2017 Buic Rega | 113338 | 5204 |
| SOT | 2016 GMC Yuko | 480903 | 5207 |
| SOT | 2017 Buic Envi | 002030 | 5221 |
| SOT | 2017 Buic Envi | 002100 | 5222 |
| SOT | 2016 GMC Yuko | 482994 | 5230 |
| SOT | 2016 Buic Casc | 164078 | 5238 |
| SOT | 2016 GMC Cany | 370141 | 5241 |
| SOT | 2016 GMC Sier | 255312 | 5269 |
| SOT | 2016 GMC Sier | 194315 | 5272 |
| SOT | 2017 GMC Acad | 166880 | 5294 |
| SOT | 2017 GMC Terr | 184981 | 5303 |
| SOT | 2016 GMC Sier | 274682 | 5313 |
| SOT | 2017 Buic LaCr | 120682 | 5314 |
| SOT | 2017 GMC Sier | 177820 | 5318 |
| SOT | 2017 GMC Sier | 179567 | 5326 |
| SOT | 2017 GMC Acad | 171174 | 5329 |
| SOT | 2017 Buic Envi | 023147 | 5355 |
| SOT | 2017 GMC Terr | 200022 | 5359 |
| SOT | 2017 GMC Sier | 191716 | 5360 |
| SOT | 2017 GMC Acad | 178489 | 5367 |
| SOT | 2017 Buic LaCr | 154151 | 5374 |
| SOT | 2017 GMC Terr | 208054 | 5379 |
| SOT | 2017 GMC Terr | 208269 | 5399 |
| SOT | 2017 Buic LaCr | 158299 | 5409 |
| SOT | 2017 GMC Terr | 210549 | 5418 |

| | | | |
|---|---|---|---|
| SOT | 2017 GMC Sier | 209121 | 5422 |
| SOT | 2017 GMC Acad | 196327 | 5424 |
| SOT | 2017 GMC Acad | 186532 | 5476 |
| SOT | 2017 GMC Sier | 216138 | 5496 |
| SOT | 2017 GMC Terr | 219534 | 5505 |
| SOT | 2017 Buic Enco | 020091 | 5506 |
| SOT | 2016 GMC Sier | 303772 | 5507 |
| SOT | 2016 GMC Sier | 304417 | 5510 |
| SOT | 2016 GMC Sier | 303082 | 5511 |
| SOT | 2016 GMC Sier | 304201 | 5512 |
| SOT | 2017 Buic Encl | 204431 | 5516 |
| SOT | 2017 GMC Acad | 192218 | 5522 |
| SOT | 2017 GMC Sier | 101491 | 5577 |
| SOT | 2017 GMC Sier | 166191 | 5580 |
| SOT | 2017 GMC Sier | 215143 | 5594 |
| SOT | 2017 Buic Encl | 214209 | 5597 |
| SOT | 2017 GMC Terr | 233145 | 5603 |
| SOT | 2017 Buic Encl | 214966 | 5605 |
| SOT | 2017 GMC Sier | 252087 | 5628 |
| SOT | 2017 GMC Sier | 123742 | 5636 |
| SOT | 2017 Buic Envi | 077501 | 5660 |
| SOT | 2017 GMC Terr | 252148 | 5664 |
| SOT | 2017 GMC Terr | 251708 | 5665 |
| SOT | 2017 Buic Envi | 073735 | 5670 |
| SOT | 2017 GMC Terr | 260549 | 5715 |
| SOT | 2017 GMC Acad | 224267 | 5764 |
| SOT | 2017 GMC Terr | 277430 | 5768 |

| | | | |
|---|---|---|---|
| SOT | 2017 GMC Terr | 282369 | 5776 |
| SOT | 2017 GMC Terr | 282310 | 5777 |
| SOT | 2017 GMC Terr | 283871 | 5790 |
| SOT | 2017 GMC Yuko | 219919 | 5792 |
| SOT | 2017 GMC Yuko | 223843 | 5812 |
| SOT | 2017 GMC Acad | 265822 | 5947 |
| SOT | 2017 GMC 2500 | 174270 | 6064 |
| SOT | 2014 FORD FUS | 176663 | 4741 |
| SOT | 2013 Kia Sore | 315901 | 4904 |
| SOT | 2015 GMC Yuko | 123507 | 5004 |
| SOT | 2011 Buic LaCr | 122470 | 5014 |
| SOT | 2013 Ford Fusi | 102219 | 5094 |
| SOT | 2009 Lexu ES 3 | 320112 | 5183 |
| SOT | 2017 GMC Sier | 148924 | 5270 |
| SOT | 2016 GMC Terr | 130740 | 5276 |
| SOT | 2014 Ford Expe | F18433 | 5279 |
| SOT | 2014 GMC Sier | 414957 | 5289 |
| SOT | 2014 Ford Expl | B18529 | 5292 |
| SOT | 2014 Ford Focu | 419088 | 5306 |
| SOT | 2013 Merc GLK | 980923 | 5395 |
| SOT | 2014 Dodg Dura | 314463 | 5464 |
| SOT | 2012 GMC Terr | 187936 | 5484 |
| SOT | 2010 GMC Acad | 118214 | 5634 |
| SOT | 2013 Ford Focu | 123629 | 5647 |
| SOT | 2016 GMC Sier | 144750 | 5674 |
| SOT | 2011 Chev Mali | 105565 | 5737 |
| SOT | 2010 GMC Acad | 143445 | 5749 |

| | | | |
|---|---|---|---|
| SOT | 2009 Lexu RX 3 | 130390 | 5755 |
| SOT | 2014 Dodg Aven | 189648 | 5766 |
| SOT | 2010 Hond Odys | 101537 | 5800 |
| SOT | 2008 Merc C Cl | 014117 | 5803 |
| SOT | 2011 GMC Acad | 361039 | 5804 |
| SOT | 2010 Ford F150 | D18405 | 5837 |
| SOT | 2015 GMC Yuko | 611958 | 6068 |