UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-01086-NCC |
| | ) | |
| BANK OF SPRINGFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. 18.) Defendant has not responded to the Motion, and the time for doing so has lapsed, so the Motion is ripe for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1). (Doc. 9.) For the following reasons, the Motion will be **GRANTED**. As a result, Defendant's Motion to Dismiss the First Amended Complaint (Doc. 7) will be **DENIED, as moot**.

### I. Background

Plaintiff filed this matter on July 3, 2018. (Doc. 1.) On September 10, 2018, before Defendant was served, Plaintiff filed a First Amended Complaint. (Docs. 5, 6.) In response, Defendant filed a Motion to Dismiss and Memorandum in Support on November 6, 2018. (Docs. 7, 8.) On November 13, 2018, Plaintiff filed a Consent Motion for Extension of Time to Respond to Defendant's Motion to Dismiss. (Doc. 10.) That motion was granted, and Plaintiff's response was due on December 4, 2018. (Doc. 12.) On December 3, 2018, Plaintiff filed an unopposed Second Motion for Extension of Time to Respond to Defendant's Motion to Dismiss. (Doc. 14.) That motion was granted also, and Plaintiff's response was due on December 11,

2018. (Doc. 17.) On December 11, 2018, Plaintiff filed the current Motion for Leave to File Second Amended Complaint. (Doc. 18.)

## II. Discussion

The Federal Rules of Civil Procedure provide, in relevant part, that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b), (e), or (f) . . . ." Fed. R. Civ. P. 15(a)(1)(B). The rules further provide that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiff contends that it should be allowed to file its Second Amended Complaint, stating "Fed. R. Civ. P. 15(a)(1) provides that '[a] party may amend its pleading once as a matter of course before being served with a responsive pleading . . .'" (Doc. 18 at 1) (alterations in original). Plaintiff further states that a motion to dismiss is not a responsive pleading for purposes of 15(a). (*Id.*) However, Plaintiff appears to quote language from a previous version of Rule 15. Rule 15(a) was substantially revised in 2009, as noted in the Advisory Committee Notes to this rule. Therefore, Plaintiff's argument based on the old version of the rule is inapplicable. Since Defendant filed a Rule 12(b) motion to dismiss Plaintiff's First Amended Complaint, Plaintiff had twenty-one days under the current version of the rule to amend once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B). Plaintiff's Motion for Leave to File its Second Amended Complaint was filed over twenty-one days after Defendant filed its motion to dismiss. However, the Court granted Plaintiff's consent motions for additional time to respond to the motion to dismiss, the R16 conference has not yet been set, and Defendant has not objected to the filing of a Second Amended Complaint. There is no indication that Plaintiff filed

its Motion in bad faith or with undue delay, as it was filed a little over a month after the motion to dismiss. Moreover, given the early stage of these proceedings, the Court finds no apparent prejudice to Defendant. *See*, *e.g.*, *Thebeau v. CitiMortgage, Inc.*, No. 4:16-CV-107 CAS, 2016 WL 4011647, at *3 (E.D. Mo. July 27, 2016) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)) (among factors to be considered in determining whether to grant leave include whether the motion was filed in bad faith or with dilatory motive, whether the motion was filed with undue delay, and whether leave to amend would be unduly prejudicial to the opposing party). Therefore, in the interests of justice, the Court will grant Plaintiff's Motion.

The Second Amended Complaint supersedes the First Amended Complaint and renders it without legal effect. *See Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1140 (8th Cir. 2014). As a result, pending motions pertaining to the previous complaint should be denied as moot, without prejudice to the filing of motions concerning the second amended complaint. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002); *see also Phoenix Entm't Partners, LLC v. Ryco Enters., LLC*, 306 F. Supp. 3d 1121, 1123 n.1 (E.D. Mo. 2018) (denying motion to dismiss the previous complaint as moot and then addressing subsequent motion to dismiss based on amended complaint).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 7) is **DENIED, as moot,** without prejudice.

**IT IS FINALLY ORDERED** that that, pursuant to Fed. R. Civ. P. 15(a)(3), Defendant shall answer or otherwise respond to Plaintiff's Second Amended Complaint on or before

January 10, 2019.

Dated this 27th day of December, 2018.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE