UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NEXTGEAR CAPITAL, INC.,        )
                               )
        Plaintiff,             )
                               )
v.                             )   Case No. 18-CV-01086-NCC
                               )
BANK OF SPRINGFIELD,           )
                               )
        Defendant.             )

**MOTION TO DISMISS**
**SECOND AMENDED COMPLAINT**

COMES NOW Defendant Bank of Springfield ("BOS") and states as follows:

1. The Court granted Plaintiff leave to file its Second Amended Complaint (Doc #19) on December 27, 2018 (Doc #20).

2. The Second Amended Complaint alleges four causes of action:

    Count I - Breach of Contract

    Count II – Conversion

    Count III - Unjust Enrichment

    Count IV – Tortious Interference

3. Plaintiff and BOS were both lenders to the now bankrupt Gateway Buick GMC, Inc., d/b/a Gateway Buick GMC ("Gateway"), a General Motors automobile dealership that operated in Hazelwood, Missouri until May, 2018.

4. Both BOS and Plaintiff collateralized their loans with Gateway's GM open accounts receivable.

5. Plaintiff, the Bank, and Gateway entered into a Subordination Agreement dated October 2, 2015 ("Subordination Agreement"), in which Plaintiff agreed to subordinate its

1

security interests in the accounts receivable to BOS, "except to the extent, if any, that such GM Open Accounts Receivable constitute proceeds of specific vehicles floor planned for [Gateway] and for which [Plaintiff] remains unpaid in whole or in part" (Doc #5-8).

      6.      GM deposited proceeds on its Open Account with Gateway into a deposit account at BOS and BOS periodically repaid its loans from funds in the deposit account, without regard to whether the funds related to vehicles floor-planned by Plaintiff or other financial matters—incentives and such—processed through the Open Account.  Plaintiff did not request, nor did BOS agree to any limitation upon, or to Plaintiff's control over, BOS's use or application of the GM deposits into the BOS account.

## COUNT I – BREACH OF CONTRACT

      7.      Under UCC §400.9-332, a depository bank that transfers funds at the direction of the customer transfers those funds free and clear of all security interests unless it has acted in collusion with the debtor to harm a secured creditor.  Moreover, Article 9 affords substantial leeway to transferees of funds subject to third party security interests.  Under §400.9-340, for example, a bank's right of set-off against a deposit account takes priority over a secured party's interest unless the secured party perfects its security interest by control under §400.9-104(a)(3).  Section 400.9-341 provides that a depository bank's rights to a deposit account are not affected by a security interest, even one known to the bank, unless the bank has so agreed in an authenticated writing.

      8.      To avoid the application of Article 9's protections, Plaintiff must allege that BOS colluded with Gateway, that the concerted action be illegal, fraudulent or otherwise wrongful towards the injured third-party and that BOS's actions, when separately considered, were wrongful with respect to Plaintiff.

2

9. The Court should dismiss Count I because:

- Plaintiff's vague and conclusory allegations of collusion are legally insufficient

- Plaintiff has not alleged any violation of the Subordination Agreement or that BOS's actions were illegal, fraudulent or wrongful by following that understanding

- BOS was not obligated under the Subordination Agreement or Missouri law to identify and segregate Plaintiff's collateral.

- There are no allegations anywhere in the Complaint that spell out how BOS and Gateway's alleged concerted action violated either the Floorplan Note or the Amended and Restated Forbearance Agreement, and the Complaint certainly gives no indication as to how BOS's conduct was wrongful when "separately considered."

## COUNTS II THROUGH IV

10. Counts II through IV allege common law tort claims or remedies arising out of BOS's use of the deposit account.

11. The UCC preempts common law claims to the extent those claims create rights or liabilities inconsistent with the UCC. *E.g., Choice Escrow & Land Title, LLC v. BancorpSouth Bank*, 2011 U.S. Dist. LEXIS 70566 at *8-9 (W.D. Mo.)(collecting numerous decisions from other state and district courts). Competing rights to collateral and proceeds thereof, including a bank's rights to deposit accounts, are governed by UCC Article 9.

12. Counts II through IV allege common law claims or requests for remedies that are inconsistent with the provisions of Article 9 and are, therefore, preempted by the UCC.

3

13. Alternatively, Counts II through IVIII each fail to state a claim for which relief can be granted.

14. The grounds for this Motion are more fully set forth in the accompanying Memorandum of Law, which is incorporated by reference.

WHEREFORE, Defendant BOS requests that the Court dismiss Plaintiff's Second Amended Complaint with prejudice, award BOS its costs and such other relief as the Court deems proper.

## PROOF OF SERVICE

I hereby certify that on January 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Spencer P. Desai
Kyle P. Lane
CARMODY MACDONALD P.C.
120 South Central Avenue, Suite 1800
St. Louis, MO  63105
spd@carmodymacdonald.com
kpl@carmodymacdonald.com


By /s/Paul J. Puricelli
Paul J. Puricelli   32801MO
7733 Forsyth Boulevard, Suite 500
St. Louis, Missouri  63105
(314) 721-7011 (telephone)
(314) 721-8660 (telecopy)
pjp@stoneleyton.com