UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-01086-NCC |
| | ) | |
| BANK OF SPRINGFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO SCHEDULE RULE 16 CONFERENCE**

COMES NOW Plaintiff NextGear Capital, Inc., ("NextGear"), by and through its undersigned counsel, and hereby respectfully requests, pursuant to Fed.R.Civ.P. 26, Local Rule 26-3.01(B), and Magistrate Requirement 3, that the Court schedule a Rule 16 Conference as soon as practicable. In support of its Motion, NextGear states as follows:

**BACKGROUND**

1. On July 3, 2018, NextGear filed its initial Complaint against Defendant Bank of Springfield, ("BOS"), setting forth a claim for breach of the Subordination Agreement entered into by the parties on October 1, 2015. Both NextGear and BOS were secured lenders to the no defunct Gateway Buick/GMC.

2. In its Complaint, NextGear alleged that BOS owes NextGear in excess of $4,000,000.00, equaling the total of NextGear Vehicle Funds improperly taken by BOS in violation of the parties' Agreement.

3. On September 10, 2018, NextGear amended its Complaint as a matter of right and added additional counts.

4. On November 6, 2018, BOS filed a Motion to Dismiss NextGear's First Amended Complaint in its entirety.

5. On December 27, 2018, NextGear filed its Second Amended Complaint.

6. On January 9, 2019, BOS again filed a Motion to Dismiss, this time seeking dismissal of NextGear's Second Amended Complaint.

7. On January 23, 2019, NextGear filed its Opposition to BOS' Motion to Dismiss.

8. To date, no discovery has taken place and this matter has not been set for a Rule 16 conference.

### RELIEF REQUESTED

9. NextGear cannot begin discovery unless this Court grants it leave or sets a scheduling conference under Rule 16. Specifically, Federal Rule 26(d)(1) provides that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except when authorized by the rules, by stipulation, or by Court order.

10. Federal Rule 26(f), in turn, provides that parties must confer "as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."

11. Local Rule 26-3.01(B) similarly provides that discovery "shall commence in accordance with Fed.R.Civ.P. 26(d), except to the extent otherwise stipulated by the parties or directed by order of the Court."

12. BOS has declined to stipulate to the setting of an expedited Rule 16 conference. On February 6, 2019, NextGear's counsel asked that BOS's counsel stipulate to the setting of such a conference to move the case along, but BOS's counsel refused.

13. United States Magistrate Judge Requirement 3 for the Honorable Noelle C. Collins provides that, although civil cases are usually set for Rule 16 conference after all defendants have

answered or filed motions in response to the complaint, "[i]f for some reason a party believes a conference should be sooner, that party should file a motion." Requirement 3 further provides that during the Rule 16 conference "the parties should be prepared to discuss the facts of the case and all other matters set out in the Rule 16 Order, including settlement."

14. There are factual issues in dispute between NextGear and BOS surrounding the sources of repayment of the BOS loan to Gateway Buick. These issues were highlighted and discussed in NextGear's response to the BOS Motion to Dismiss.

15. While NextGear is open to exploring settlement discussions with BOS, it is impossible to consider any discussions until the disputed facts regarding the sources of BOS repayment are uncovered.

16. Given the need to move this case forward and facilitate any attempted resolution between the parties, NextGear requests the Court set a Rule 16 scheduling conference at the earliest practicable date so the parties may begin conducting discovery. Courts have broad discretion to manage the discovery process and can expedite or otherwise alter the timing and sequence of discovery. Malibu Media LLC v. Doe, No. 1:15-CV-1129, 2015 WL 3795948, at *2 (M.D. Pa. June 18, 2015).

WHEREFORE, Plaintiff NextGear Capital, Inc., prays this Court make and enter its order setting a Rule 16 Conference at its earliest convenience and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C.

By:  */s/ Spencer P. Desai*
   Spencer P. Desai, #39877
   Patrick G. Carmody, #62784
   Lauren G. Gamel, #69085
   120 South Central Avenue, Suite 1800
   St. Louis, Missouri 63105
   314-854-8600 Telephone
   314-854-8660 Facsimile
   spd@carmodymacdonald.com
   pgc@carmodymacdonald.com

*Attorneys for Plaintiff NextGear Capital, Inc.*

**CERTIFICATE OF SERVICE**

 The undersigned certifies that a true and complete copy of the foregoing was served on the 28th day of February 2019 via the Court's ECF system upon all counsel of record.

            */s/ Spencer P. Desai*